**Georgia PATTON, Plaintiff,**

v.

**TOSHIBA AMERICA CONSUMER PRODUCTS, INC., Defendant.**

**No. 3:96–0649.**

United States District Court,
M.D. Tennessee,
Nashville Division.

June 4, 1997.

Robert P. Parker, Nashville, TN, for plaintiff.

Karen L.C. Ellis, Davidson French, Nashville, TN, for defendant.

### MEMORANDUM:

JOHN T. NIXON, Chief Judge.

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 6). Upon review of the record, and for the reasons stated below, the Court denies the Motion.

## I. BACKGROUND

Plaintiff seeks remedies under the Americans with Disabilities Act of 1990(ADA) and the Employee Retirement Income Security Act (ERISA). Plaintiff, Georgia Patton, is a female Tennessee resident, and was at all times relevant an employee of Defendant Toshiba America Consumer Products, Inc., ("Toshiba") a New Jersey corporation with its principal place of business in New Jersey. Defendant Toshiba maintains a plant in Wilson County, Tennessee, where Plaintiff was employed from April 9, 1979 until October 10, 1994.

Plaintiff alleges that she suffered from symptomatic multiple sclerosis (MS) and that, during 1994, at the request of her doctor, Plaintiff had been granted a medical leave of absence which was extended several times at 30 day intervals. On October 10, 1994 Plaintiff was to submit another doctor's statement for an additional 30 day temporary absence. According to Plaintiff, she called her employer to notify Toshiba that she would bring her statement the following day and asked Defendant to call her if other arrangements needed to be made. Defendant did not contact Plaintiff after her call. On October 11, 1994 Plaintiff received certified mail from the Defendant indicating that she was terminated for failing to return to work after taking medical leave.

Plaintiff asserts that Defendant discriminated against her by discharging her, failing to accommodate and otherwise discriminating against her because of her MS under the ADA. Plaintiff also alleges that Defendant violated ERISA by terminating Plaintiff in order to avoid responsibility for health bene-

fits and medical treatment related to Plaintiff's disability.

Defendant counters Plaintiff's claim by asserting that Plaintiff was a production employee in a bargaining unit governed by the collective bargaining agreement (CBA) existing between Toshiba and the International Brotherhood of Electrical Workers. According to Defendant, the CBA governs the terms and conditions of Plaintiff's employment, including the granting of medical leaves of absence, the return from said leaves and the termination of employment.

Defendant acknowledges that Plaintiff had been granted medical leaves of absence at 30 day intervals, the last leave terminating on October 10, 1994. However, Defendant avers that Plaintiff failed to report to work on October 11, 1994, as required by the agreement, and she did not contact the Company or present medical documentation regarding the need for extended leave or excusing her failure to appear for work. Defendant states that, as a result of Plaintiff's failure to report to work or seek an extension of her leave status, Defendant terminated her employment in keeping with the terms of the CBA.

Pursuant to FRCP 12(b)(1), Defendant moves that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction because Plaintiff's claims are preempted by section 301 of the Labor Management Relations Act. Alternatively, Defendant argues that Plaintiff's ADA claims are barred because she failed to exhaust her administrative remedies contained in the CBA between IBEW and Toshiba. Defendant contends that (1) because the CBA governs the manner of terminating employment; and (2) because the CBA contains a non-discrimination clause, both of these matters are subject to the dispute arbitration requirement articulated in the CBA. Defendant argues that when a dispute requires interpretation of the terms of a CBA, then that CBA's arbitration requirements are applicable and should preempt state and federal statutory rights.

Plaintiff responds that although the CBA negotiated between Defendant and the Union at Defendant's Tennessee plant includes an anti-discrimination clause in itself, it does not contain language which states that discrimination claims are subject to the arbitration process. Additionally, Plaintiff cites language from the CBA that indicates that disputes not specifically governed by the terms of the CBA are not subject to arbitration. Plaintiff contends that the existence of anti-discrimination language within a CBA does not, in and of itself, waive an employee's right to take advantage of statutory remedies for discrimination if that employee has failed to file an internal grievance. Alternatively, Plaintiff argues that since the CBA does not provide any clear definition or specification regarding such relevant terms as "accommodation," the Court may address Plaintiff's discrimination claim without reference to the CBA.

Defendant replies that the dispute at issue must be decided with reference to the CBA, since it centers on whether Defendant's termination of Plaintiff (during which Defendant asserts that it followed the termination procedure outlined in the CBA), was based on legitimate or pretextual grounds. If the dispute must be decided with reference to the CBA, then Plaintiff's claim is precluded, according to Defendant because Plaintiff failed to proceed under the internal grievance procedure, and instead filed a Court action.

## II. DISCUSSION

When a defendant attacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff must meet the burden of proving jurisdiction. *See Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir.1986), quoted in *North American Royalties, Inc. v. United States,* 1996 WL 679561, *1 (E.D.Tenn.1996). A Rule 12(b)(1) motion may challenge the complaint on its face or it may contest the existence of subject matter in fact. If the motion attacks the face of the complaint, the plaintiff's burden "is not onerous." *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996). The plaintiff need only demonstrate that the complaint alleges a "substantial" federal claim, meaning that prior decisions do not inescapably render the claim frivolous. *Id.* A court evaluating a facial attack must consider the allegations of fact in the complaint to be true. *RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996). Thus, "the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson*, 89 F.3d at 1248.

Alternatively, if a Rule 12(b)(1) motion contests subject matter jurisdiction factually, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI*, 78 F.3d at 1134 (quoting *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Rogers*, 798 F.2d at 915 (court deciding Rule 12(b)(1) motion "is empowered to resolve factual disputes"). When the facts are disputed, "[t]he district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary." *Cooley v. United States*, 791 F.Supp. 1294, 1298 (E.D.Tenn.1992), *aff'd* 17 F.3d 890 (1994) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). The Court can do so without converting the Rule 12(b)(1) motion into a motion for summary judgment. *Id.*

This Motion represents a facial challenge to Plaintiff's Complaint.[1] Defendant challenges Plaintiff's subject matter jurisdiction on the grounds that Plaintiff's claims are pre-empted by section 301 of the Labor Management Relations Act, or on the alternative grounds that Plaintiff failed to exhaust her administrative remedies as detailed within a collective bargaining agreement governing Plaintiff's bargaining unit.

■ In evaluating Plaintiff's Complaint, this Court finds that Plaintiff successfully demonstrates that the complaint alleges a "substantial" federal claim. Although there is conflicting authority on the impact of a collective bargaining agreement upon an employee's ability to pursue a statutory discrimination claim, this Court is persuaded by the reasoning articulated in *Hill v. American National Can Co./ Foster Forbes Glass Division*, 952 F.Supp. 398 (N.D.Tex.1996), a recent case summarizing existent caselaw on the issue, and finds it to be in line with this Circuit's holdings on related issues. *See LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 380–381 (6th Cir.1993).

According to Defendants, Plaintiff's claim is pre-empted on grounds that the CBA contained a grievance procedure which included final and binding arbitration, and which stated that termination would follow for any employee who did not return to work on the next working day following the end of a leave of absence. CBA, Article VI and Article IX, Section 4(d). However, the CBA, by its own terms, does not clearly encompass discrimination disputes. At Article II, the CBA states that the Defendant has:

> the sole discretion to determine and prepare all job descriptions, job qualifications, standards, pre-employment tests and inquiries, and other policies and procedures necessary to determine the qualifications and suitability of any applicant or employee for a position.

> The Company shall also have the right to determine the necessity, nature, extent, and or cost of any accommodation for any disability of any qualified employee or job applicant, provided the Company acts in a manner which is not arbitrary or capricious.

This statement represents the CBA's statement on the issue of disabilities. The CBA does not make any explicit statement as to how a claim of discrimination with regards to the accommodation of a disability is to be handled within the Company. The grievance procedure itself defines grievance as a difference between the Union or employees about "wages, hours of work, fringe benefits, or working conditions within the terms of the agreement."

However, even if the CBA could be deemed to encompass discrimination claims, authority, which is, in this Court's eyes, persuasive, holds that individual statutory claims arising under federal statutes prohibiting discrimination are neither pre-empted by Section 301 of the Labor Management Relations

---

1. A factual dispute does exist as to whether Plaintiff contacted Toshiba prior to October 11, 1994 concerning her medical leave. However, Defendants have indicated that for purposes of resolving this particular Motion, the factual dispute is immaterial.

Act nor by Plaintiff's failure to arbitrate under the collective bargaining agreement.

The Sixth Circuit and other courts have held that Section 301 of the Labor Management Relations Act does not pre-empt a plaintiff's claims of federal discrimination, whether or not a collective bargaining agreement exists. *See LaPointe,* 8 F.3d 376 at 380–381; *DiPuccio v. United Parcel Service,* 890 F.Supp. 688 (N.D.Ohio 1995). In *LaPointe,* the plaintiff, among other counts, alleged age discrimination under the A.D.E.A. and the defendant union argued that the plaintiff's claims were pre-empted under Section 301 because of the collective bargaining agreement between the union and the company. In response to the defendant's arguments, the Sixth Circuit stated:

> Though the appellees argue that 'federal labor law pre-empts (Plaintiff's ADEA) claim because age discrimination is one of the conditions of employment negotiated by the Union and the Company ...' the question of whether or not the plaintiff was discriminated against (is) separate from any possible defense the employer might have under the contract ... It is irrelevant to the preemption question whether or not the employer can defend by showing it had the right under the collective bargaining agreement to do what it did.... Simply stated, the ADEA action is not pre-empted by Section 301 of the Labor Management Relations Act because 'employees have the right not to be discriminated against without regard to the collective bargaining agreement's language about an employee's rights'.

8 F.3d at 380–381.

In the same vein, in *DiPuccio,* the court flatly held that plaintiff's ADA claim "cannot be preempted in the same manner as plaintiff's state law claims (could be) ..." *DiPuccio,* 890 F.Supp. at 692. The court rejected defendant's contention that *Gilmer v. Interstate Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), controlled and that plaintiff should have pursued his remedies through the arbitration process of the collective bargaining agreement. *Id.* The Ohio court noted that "It was significant that the circumstances of *Gilmer* did not involve

any tension between collective representation and individual statutory rights." *Id.; See also, Pelech v. Klaff–Joss, LP,* 828 F.Supp. 525 (N.D.Ill.1993) (holding that Plaintiff's Title VII claims were not pre-empted by Section 301 despite collective bargaining agreement, and stating that "the purposes of § 301 are not subverted when a federal court hears a claim brought under a federal statute"). 828 F.Supp. at 531.

Defendant also argues that the anti-discrimination clause of Article II of the CBA compels Plaintiff to resolve her disability discrimination claims through the grievance/arbitration process established by the CBA. Defendant thus contends that Plaintiffs failure to grieve her claims precludes Plaintiff from pursuing these claims in federal court. However, this Court finds the reasoning of a recent case, *Hill,* 952 F.Supp. at 406, to be persuasive on the issue of a plaintiff who pursues a federal discrimination claim rather than arbitration under a CBA. The Court in *Hill* first undertakes an extensive review of Supreme Court and other federal precedent on the question before concluding that there is "an inherent difference between a collective bargaining agreement and an individual employment contract." *Id.* Taking account of the legislative history of the ADA, which mandates that an individual cannot be compelled by a collective bargaining agreement to relinquish her right to sue in federal court, the *Hill* court concluded that:

> ... while an individual is free to waive his rights to a judicial forum for his Title VII claims, a union, through its negotiation on behalf of the collective good, is not .... the federal policy of favoring arbitration of labor disputes and the federal policy against discriminatory employment practices could best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective bargaining agreement and his cause of action under Title VII. The intent behind the ADA's arbitration section demonstrates that arbitration was intended to provide an additional, not alternative forum.

*Hill* at 409. Thus, this Court agrees with the *Hill* Court in its reading of the Congres-

sional history of the ADA, and finds that, consistent with that policy purpose, Plaintiff's failure to take her grievance in this matter through the arbitration process does not preclude her from filing a claim under the ADA in federal court.

## III. CONCLUSION

For the foregoing reasons, the Court hereby denies Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. An Order consistent with the reasoning set forth above is filed contemporaneously.